## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| DAKOTA WEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| CITY OF HITCHINSON, KANSAS | ) **JURY TRIAL DEMANDED** ) |
| *Serve*: Hutchinson City Clerk<br>125 E Ave B<br>Hutchinson, KS  67501 | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Dakota West, by and through counsel, pleads as follows for her Complaint against Defendant City of Hutchinson, Kansas:

### Parties and Jurisdiction

1. Plaintiff Dakota West ("Plaintiff") is an individual, a female, and a citizen of the United States.

2. Defendant City of Hutchinson, Kansas ("Hutchinson") is a government, governmental agency, or political subdivision located in Reno County, Kansas, and has at all relevant times had fifteen or more employees.

3. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§ 1211, et seq. ("ADA") by Hutchinson on or about April 30, 2025.  The United States Department of Justice, Civil Rights Division, on behalf of the EEOC, issued Plaintiff a Notice of Right to Sue pertaining to that Charge on September 10, 2025.

1

4. Jurisdiction over the claims set forth herein is conferred on this Court by 28 U.S.C. § 1331.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the events and omissions giving rise to the claims set forth herein occurred within this District in Hutchinson, Kansas.

**Facts Common to all Counts**

6. Plaintiff was hired by Hutchinson on or about June 24, 2024 and employed as a 911 Dispatcher for Hutchinson-Reno County Emergency Communications.

7. On or about December 11, 2024, Plaintiff suffered a seizure while at work.

8. Because the seizure happened in the workplace, Plaintiff's supervisor and other pertinent agents of Hutchinson had direct knowledge of her seizure.

9. Some of the effects of Plaintiff's seizure lasted far beyond the seizure itself, including difficulties with her short- and medium-term memory. Plaintiff had not experienced such memory challenges prior to her seizure.

10. Plaintiff's memory challenges substantially limited several of her major life activities, including her ability to remember and recall her day-to-day schedule, obligations, and appointments.

11. Plaintiff informed her supervisor of her ongoing memory challenges and how they were affecting her, together with her hope and expectation that it would improve with time.

12. Upon information and belief, Hutchinson documented and created records of Plaintiff's memory challenges and some of the limiting consequences thereof.

13. Plaintiff's memory challenges resulted in tardiness and related attendance issues with her employment with Hutchinson.

14. Hutchinson evaluated Plaintiff's work performance as lower than normal based in large part on her tardiness and attendance issues.

15. Hutchinson put Plaintiff on a "performance improvement plan" based primarily on her tardiness and attendance issues.

16. Plaintiff is intersex. This fact was not identified at Plaintiff's birth, so she was presumed, raised, and presented as male through much of her young life.

17. Plaintiff began living and presenting as a female prior to applying for employment with Hutchinson, and did so consistently thereafter.

18. Based on consultation with medical professionals, Plaintiff's came to understand her intersex status after commencing employment with Hutchinson.

19. Plaintiff informed Hutchinson, via an Assistant Director, of her intersex status soon thereafter in 2024.

20. Plaintiff considered the fact that she is intersex and that she had previously presented as male to be personal information, and generally did not discuss or disclose such information except as was necessary.

21. Plaintiff had specifically avoided disclosing this personal information to her immediate supervisor, and did not discuss or disclose it in the workplace.

22. On or about January 6, 2025, Plaintiff was contacted, outside of Plaintiff's work hours and while away from her work location, by a former supervisory employee of Hutchinson, informing Plaintiff that rumors were being spread about Plaintiff's sex and gender amongst the Emergency Communications employees and employees of the Hutchinson Police Department and the Reno County Sheriff's Office.

23. This rumormongering was extremely upsetting and embarrassing to Plaintiff, and further caused her to fear for her safety and wellbeing. She reasonably feared being harassed, targeted, and ostracized at work. She was further anguished that addressing this issue would require disclosing and discussing with her immediate supervisor her personal information which was otherwise completely unrelated to her employment and no one's business but her own. Plaintiff feared for he personal safety and well-being in the workplace.

24. Plaintiff was compelled to report the situation and disclose her personal information to her immediate supervisor. Plaintiff genuinely hoped that her immediate supervisor and other agents of Hutchinson would help end the rumor spreading and protect her from the harassment, targeting, ostracization, and other negative effects she feared.

25. Unfortunately, she was not met with such support. Instead, Plaintiff's supervisor told her, "I have a niece that is transgender; I will always address her as a her and not a boy because I don't support it." This response significantly worsened and exacerbated Plaintiff's mental anguish and emotional distress.

26. Plaintiff thereafter followed up and communicated with other managerial employees of Hutchinson, seeking both guidance and to understand what was being done about the situation she had reported. She was not given any meaningful guidance, and was only repeatedly told that the situation was being "handled" while declining to elaborate or provide any more specific information.

27. Upon information and belief, Hutchinson did not take any meaningful steps to handle or otherwise remedy or resolve the situation.

28. Upon information and belief, Hutchinson chose to take no action based on a determination that the rumor had begun with a non city employee—completely disregarding that

4

the rumors had been intentionally spread by employees of the city and that other substantial consequences had flowed by and through city employees, notwithstanding any alleged origins.

29. On or about January 23, 2025, Plaintiff was informed that her employment with Hutchinson was terminated.

**Count I – Employment Discrimination on the Basis of Disability in Violation of the ADA**

30. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

31. Plaintiff suffered from lasting after-effects of a seizure, including memory challenges, which substantially impaired one or more of her major life activities.

32. Plaintiff at all relevant times was capable of performing the essential functions of her job.

33. Hutchinson regarded Plaintiff as disabled.

34. Hutchinson created or possessed a record of Plaintiff being disabled.

35. Hutchinson employed Plaintiff from approximately June 24, 2024, through January 23, 2025.

36. Hutchinson terminated Plaintiff from her employment.

37. Plaintiff's disability was the motivating factor in her termination.

38. Hutchinson's purported non-discriminatory bases for terminating Plaintiff's employment are pretextual.

39. As a direct and proximate result of Hutchinson's acts and omissions, Plaintiff has been deprived of income and other benefits of employment, both monetary and non-monetary.

40. As a further direct and proximate result of Hutchinson's acts and omissions, Plaintiff has suffered garden variety emotional distress including a loss of self-esteem, humiliation, and mental anguish.

**WHEREFORE**, as a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment in an amount to be determined at trial in excess of $75,000.00 against the City of Hutchinson for all actual and compensatory damages which she has incurred; punitive damages for Hutchinson's conscious wrongdoing; injunctive and declaratory relief against Hutchinson, for attorney fees and costs, and for such other and further relief as may be just in the premises.

**Count II – Employment Discrimination on the Basis of Sex in Violation of Title VII**

41. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

42. Plaintiff is a female.

43. Hutchinson employed Plaintiff from approximately June 24, 2024, through January 23, 2025.

44. Hutchinson terminated Plaintiff from her employment.

45. Plaintiff's sex was the motivating factor in her termination.

46. Hutchinson's purported non-discriminatory bases for terminating Plaintiff's employment are pretextual.

47. As a direct and proximate result of Hutchinson's acts and omissions, Plaintiff has been deprived of income and other benefits of employment, both monetary and non-monetary.

48. As a further direct and proximate result of Hutchinson's acts and omissions, Plaintiff has suffered garden variety emotional distress including a loss of self-esteem, humiliation, and mental anguish.

**WHEREFORE**, as a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment in an amount to be determined at trial in excess of $75,000.00 against the City of Hutchinson for all actual and compensatory damages which she has incurred; punitive damages

for Hutchinson's conscious wrongdoing; injunctive and declaratory relief against Hutchinson, for attorney fees and costs, and for such other and further relief as may be just in the premises.

## Count III – Retaliation in Violation of the ADA

49. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

50. Plaintiff had a good faith, reasonable belief that Hutchinson was engaging in unlawful employment practices against her on the basis of disability.

51. Plaintiff reported her concerns and opposition to these unlawful practices to Hutchinson, including by and through her immediate supervisor.

52. Hutchinson thereafter retaliated against Plaintiff in the terms and conditions of her employment because of her reporting and opposition to unlawful employment practices, including but not limited to failing to promptly and effectively remedy the illegal conduct, unfairly and disproportionately scrutinizing Plaintiff, putting Plaintiff on a performance improvement plan, and terminating Plaintiff's employment.

53. Each of Hutchinson's retaliatory acts against Plaintiff were taken with the intention to cause her harm and without just cause.

54. Each of Hutchinson's retaliatory acts against Plaintiff were taken with a deliberate and flagrant disregard for the rights and interest of Plaintiff, and with similar disregard for the rights and interests of others.

55. As a direct and proximate result of Hutchinson's illegal retaliatory actions, Plaintiff has sustained damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, damage to her reputation, diminished job opportunities, and in other respects.

56. Hutchinson failed to make good faith efforts to enforce policies to prevent discrimination and retaliation against its employees, including Plaintiff.

57. Plaintiff has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action.

**WHEREFORE**, as a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment in an amount to be determined at trial in excess of $75,000.00 against the City of Hutchinson for all actual and compensatory damages which she has incurred; punitive damages for Hutchinson's conscious wrongdoing; injunctive and declaratory relief against Hutchinson, for attorney fees and costs, and for such other and further relief as may be just in the premises.

### Count IV – Retaliation in Violation of Title VII

58. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

59. Plaintiff had a good faith, reasonable belief that Hutchinson was engaging in unlawful employment practices against her on the basis of sex.

60. Plaintiff reported her concerns and opposition to these unlawful practices to Hutchinson, including by and through her immediate supervisor.

61. Hutchinson thereafter retaliated against Plaintiff in the terms and conditions of her employment because of her reporting and opposition to unlawful employment practices, including but not limited to failing to promptly and effectively remedy the illegal conduct, unfairly and disproportionately scrutinizing Plaintiff, refusing to take prompt and effective action to stop coworkers from continuing to spread harmful rumors about Plaintiff, failing to take steps to protect Plaintiff from harassment and targeting by coworkers, and terminating Plaintiff's employment.

62. Each of Hutchinson's retaliatory acts against Plaintiff were taken with the intention to cause her harm and without just cause.

63. Each of Hutchinson's retaliatory acts against Plaintiff were taken with a deliberate and flagrant disregard for the rights and interest of Plaintiff, and with similar disregard for the rights and interests of others.

64. As a direct and proximate result of Hutchinson's illegal retaliatory actions, Plaintiff has sustained damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, pain and suffering, loss of enjoyment of life, humiliation, emotional distress, damage to her reputation, diminished job opportunities, and in other respects.

65. Hutchinson failed to make good faith efforts to enforce policies to prevent discrimination and retaliation against its employees, including Plaintiff.

66. Plaintiff has already incurred and will incur in the future substantial attorneys' fees and expenses in prosecuting this action.

**WHEREFORE**, as a direct consequence of said unlawful treatment, Plaintiff is entitled to judgment in an amount to be determined at trial in excess of $75,000.00 against the City of Hutchinson for all actual and compensatory damages which she has incurred; punitive damages for Hutchinson's conscious wrongdoing; injunctive and declaratory relief against Hutchinson, for attorney fees and costs, and for such other and further relief as may be just in the premises.

### Jury Demand

Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,

**KRIGEL NUGENT + MOORE P.C.**

_____
Ivan L. Nugent, MO Bar #62148
4520 Main St., Ste. 700
Kansas City, Missouri
PH: (816) 756-5800
Fax: (816) 756-1999
Email: inugent@knmlaw.com
**ATTORNEYS FOR PLAINTIFF**